This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Georgia Smith, has appealed from a judgment entry in the Lorain County Court of Common Pleas, granting Appellee Sherwin Williams Co.'s ("Sherman-Williams") motion for a directed verdict. This Court affirms.
In July 1997, Smith went to the Sherwin-Williams store in Lorain, Ohio, to purchase some paint for the exterior of her home. While waiting for an employee to mix the paint, Smith sat on a stool at the service counter. Thereafter, Smith fell off the stool and landed on the floor.
Smith filed a complaint for alleged injuries she received as a result of the incident. Arbitration proceedings were conducted on the matter, and an award was entered in favor of Sherwin-Williams. Smith was permitted to file an amended complaint, in which she asserted claims for negligence in allegedly failing to inspect and/or maintain the subject chair and for spoliation of evidence.
The matter proceeded to a jury trial. At the close of Smith's case, Sherwin-Williams moved for a directed verdict. The trial court granted the motion, and judgment was entered in favor of Sherwin-Williams.
Smith timely appealed, and has set forth one assignment error for review.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR DIRECTED VERDICT AGAINST PLAINTIFF-APPELLANT.
In her sole assignment of error, Smith has argued that the trial court erred in granting Sherwin-Williams' motion for a directed verdict. Specifically, she has contended that the doctrine of res ipsa loquitur was applicable to the facts of this case.
The standard for directing a verdict is well established. Civ.R. 50(A)(4) provides:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for a directed verdict does not present factual issues, but questions of law, although in deciding such motion, it is necessary to review and consider the evidence. Ruta v. Breckenridge-Remy (1982),69 Ohio St.2d 66, paragraph one of the syllabus. "In deciding a motion for a directed verdict, neither the weight of the evidence nor the credibility of the witnesses is to be considered." Cater v. Cleveland
(1998), 83 Ohio St.3d 24, 33, citing Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. "The determination to be made by a trial court * * * is not whether one version of the facts presented is more persuasive than another; rather, it is a determination that only one result could be reached under the theories of law presented in the complaint." Eldridgev. Firestone Tire Rubber Co. (1985), 24 Ohio App.3d 94, 96. Since a motion for directed verdict presents questions of law, this Court will conduct a de novo review of the judgment of the lower court. Campbellv. Colley (1996), 113 Ohio App.3d 14, 18.
This Court is limited in its review on appeal to the record provided to it pursuant to App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of an appeal, are filed with the court in which he seeks review. Rose v.Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A). This duty falls on the appellant because the appellant has the burden of establishing error in the trial court. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197,199; App.R. 9(B).
In the case sub judice, the record on appeal consists of a videotape of the trial proceedings and a transcript consisting of eight pages regarding Smith's motion for a directed verdict. This is not sufficient to satisfy Smith's burden under App.R. 9, which states, in relevant part:
(A) Composition of the record on appeal
 A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and for purposes of filing, need not be transcribed into written form * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.
Smith has failed to provide this Court with a properly certified, typed or printed transcription of relevant videotaped testimony presented in the proceedings below. An appellate review of a trial court's grant of a directed verdict requires the court to review and consider the evidence that was presented at trial. Ruta, supra, at paragraph one of the syllabus.
A presumption of validity accompanies the ruling of the trial court. In the absence of those portions of the record necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. Therefore, this Court must presume the validity of the trial court's proceedings, and affirm its judgment.
This Court also notes that Smith failed to comply with App.R. 9(B). If an appellant does not intend to file a complete transcript on appeal, App.R. 9(B) requires the appellant to file an additional document with the notice of appeal describing what parts of the transcript will be included, that the transcript is unnecessary, or that a statement of evidence pursuant to App.R. 9(C) or (D) will be filed. Smith did not file any additional document with her notice of appeal to explain the lack of a transcript in violation of App.R. 9(B).
Smith's sole assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
DONNA J. CARR, BATCHELDER, P.J., WHITMORE, J. CONCUR.